**Joseph MYERS, Plaintiff–Appellant,**

v.

**IRON WORKERS DISTRICT COUNSEL OF SOUTHERN OHIO & VICINITY PENSION TRUST, Defendant–Appellee.**

No. 05–4632.

United States Court of Appeals,
Sixth Circuit.

Feb. 21, 2007.

BEFORE: MARTIN, COLE, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff Joseph Myers appeals from a district court order granting judgment on the administrative record to Defendant Iron Workers District Council of Southern Ohio & Vicinity Pension Trust (the Trust) in an action for payment of disability benefits brought under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461. After a de novo review of the administrative record, the district court concluded that Myers's ailments did not amount to a "total and permanent disability" from ironworking as defined by the Trust and, therefore, the Trust did not wrongfully deny Myers a disability pension. Myers appeals, claiming that the administrative record supports a finding that he is totally and permanently disabled within the Trust's definition. As a result, says Myers, he is entitled to a disability pension.

Having reviewed the district court opinion de novo, *Glenn v. MetLife,* 461 F.3d 660, 665 (6th Cir.2006), and upon careful review of the record and the parties' submissions, we conclude that the issuance of a more detailed opinion by this Court would be duplicative and serve no useful purpose. Accordingly, for substantially the same reasons set forth in the district court's comprehensive and well-reasoned opinion, *Myers v. Iron Workers Dist. Council of S. Ohio & Vicinity Pension Trust,* No. 2:04–CV–966, 2005 WL 2979472 (S.D.Ohio Nov. 7, 2005), we **AFFIRM** the district court order granting judgment on the administrative record to the Trust.